## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSHUA RAWA, ELISABETH MARTIN, ROBERT RAVENCAMP, AMY WARD, CYNTHIA DAVIES, CHRISTOPHER ABBOTT, OWEN OLSON, JEANNIE A. GILCHRIST, ZACHARY SHOLAR, MATTHEW MYERS, JOHN W. BEARD, JR., and MICHAEL OVERSTREET on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant. | Case No. 4:17CV01252 AGF<br><br>*Consolidated with Case No. 4:17CV02300 AGF ("Martin")* |

## ORDER GRANTING PRELIMINARY APPROVAL

This matter came for hearing before the Court on Plaintiffs' motion (ECF No. 31), as supplemented (ECF No. 36), for preliminary approval of a proposed nationwide class action settlement.

WHEREAS, the above-entitled consolidated actions ("Action") are pending before this Court;

WHEREAS, Plaintiffs Joshua Rawa, Elisabeth Martin, Robert Ravencamp, Amy Ward, Cynthia Davies, Christopher Abbott, Owen Olson, Jeannie A. Gilchrist, Zachary Sholar, Matthew Myers, John W. Bear, Jr., and Michael Overstreet ("Plaintiffs") having moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Settlement of this Action, in accordance with the Class Action Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 (ECF No. 32-1) to the Declaration of Jack Fitzgerald in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement ("Motion"), which Settlement

Agreement sets forth the terms and conditions for a proposed settlement of the Action, modified as indicated in Plaintiffs' Supplement to the Motion ("Supplement");

WHEREAS, the Court, having read and considered the Settlement Agreement and considered the Motion and Supplement; and

WHEREAS, all capitalized terms herein have the same meanings as set forth in the Settlement Agreement, provided, however, that in the event of any conflict between this Order and the Settlement Agreement, the Order controls.

**NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED**:

1. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

2. This Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, as fair, reasonable, and adequate to the Class.

3. The Court finds on a preliminary basis that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and therefore meets the requirements for preliminary approval.

4. The Court conditionally certifies, for settlement purposes only, a Class defined as all persons in the United States, who, during the Class Period,[1] purchased in the United States, for personal or household use and not for resale or distribution, Roundup® Weed & Grass Killer Concentrate Plus ("Concentrate Plus") or Roundup® Weed & Grass Killer Super

---

[1] "Class Period" refers to a time period not to exceed the applicable statute of limitations for the false advertising law in the state where each Claimant is domiciled, triggered by the date the Complaint was filed in *Martin* for California residents (October 13, 2016), and by the date the Complaint was filed in *Rawa* for all other states' residents (April 5, 2017). A full list of the applicable periods for each state, district, or territory included in the Agreement is appended hereto as Exhibit A, and is included in the Settlement Agreement and Long Form Notice.

Concentrate ("Super Concentrate," collectively, "Concentrates"), in packaging whose neck or shoulder label stated that the product "makes up to" a specified number of gallons as follows:

| Roundup® Product | Label Statement |
| --- | --- |
| Super Concentrate 35.2 fl. oz. | "Makes Up to 23 Gallons" |
| Super Concentrate 53.7 oz. (0.42 gal.) | "Makes Up to 35 Gallons" |
| Super Concentrate 64 fl. oz. (1/2 gal.) | "Makes Up to 42 Gallons" |
| Super Concentrate 128 fl. oz. (1 gal.) | "Makes Up to 85 Gallons" |
| Concentrate Plus 32 oz. (1 qt.) | "Makes Up to 10 Gallons" |
| Concentrate Plus 36.8 oz. | "Makes Up to 12 Gallons" |
| Concentrate Plus 40 oz. | "Makes Up to 13 Gallons" |
| Concentrate Plus 64 oz. (1/2 gal.) | "Makes Up to 21 Gallons" |

5.      The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in the settlement context because (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs and proposed Class Representatives are typical of the claims of the Settlement Class; (d) Plaintiffs and proposed Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      The Court appoints as Class Representatives Plaintiffs Joshua Rawa, Elisabeth Martin, Robert Ravencamp, Amy Ward, Cynthia Davies, Christopher Abbott, Owen Olson, Jeannie A. Gilchrist, Zachary Sholar, Matthew Myers, John W. Bear, Jr., and Michael Overstreet.

7.     The Court appoints as Class Counsel Jack Fitzgerald, of The Law Office of Jack Fitzgerald, PC, and Sidney W. Jackson, III, of Jackson and Foster LLC, and any attorneys at those firms assisting in the representation of the Class in this Action.

8.     The Court finds that, subject to the Final Approval hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arms'-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance and supervision of the Hon. James F. Holderman (Ret.); and (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

9.     The Court hereby approves the parties' selection of Dahl Administration as Class Administrator.

10.     The Court orders that an Escrow Account is to be created that is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

a.     The Escrow Account is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

b.     The Escrow Account is to be established to resolve or satisfy all of the claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities.

11.     The Court hereby approves the form and content of the Class Notice substantially in the form submitted to the Court on December 4, 2017, ECF. No. 40.  The Court finds that

dissemination of the Class Notice as proposed in the Motion meets the requirements of Federal Rule of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable under the circumstances. Accordingly, the Court hereby approves the Notice plan as set forth in Plaintiffs' motion for preliminary approval of a proposed nationwide settlement.

12.     The Claim Administrator shall commence Notice as set forth in the Settlement Agreement within fourteen (14) days following the date of this Order.  Class Notice shall run for a period of sixty (60) days after Notice begins.

13.     Class Members shall be permitted to make claims for ninety (90) days following the date of this Order ("Claim Deadline"). Any person within the Class definition who wishes to be excluded from the Class may exercise his or her right to opt out of the Class and Settlement within ninety (90) days following the date of this Order ("Opt-Out Deadline," together with the Claim Deadline, the "Claim & Opt-Out Deadline").

14.     Potential Class Members who timely and validly exclude themselves from the Class shall not be bound by the Settlement Agreement, the Settlement, or the Final Order and Final Judgment. If a potential Class Member files a request for exclusion, he or she may not assert an objection to the Settlement Agreement. The Settlement Administrator shall provide copies of any requests for exclusion to Settlement Class Counsel and Monsanto's Counsel as provided in the Settlement Agreement.

15.     A motion in support of final approval of the settlement, and any applications for attorneys' fees and costs and incentive awards, shall be filed and served no later than seven (7) days after the Claim & Opt-Out Deadline (the "Motion for Final Approval & Fee Deadline").

16.     The Court further directs that any person or entity in the Class who does not opt out of the Class may object to the Settlement.  Any objections shall be filed and served no later than fourteen (14) days following the Motion for Final Approval & Fee Deadline ("Objection Deadline").

17.     The Parties may, but are not required to respond to any objections.  Any response to any objection must be filed and served no later than 11 days following the Objection Deadline.

18.     A hearing ("Final Approval Hearing") shall be held before this Court on **Tuesday, April 17, 2018, at 9:30 a.m**., in Courtroom 12S of the Thomas F. Eagleton U.S. Courthouse, 111 South 10th St., St. Louis, Missouri 63102, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; to determine whether a Judgment as provided in the Settlement Agreement should be entered; to determine the amount of any incentive or service award to Plaintiffs for their representation of, and service on behalf of, the Settlement Class; and to determine the amount of any fees, costs, and expenses that should be awarded to Class Counsel.

19.     The Court may adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

20.     In the event that the Settlement Agreement is terminated pursuant to its terms, or the Final Approval Hearing does not occur for any reason, the preliminary certification of

the Class pursuant to this Order shall be vacated and the Action shall proceed as though the Class had never been certified.

21.    All discovery and proceedings in this Action are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.

22.    Pending the Final Approval Hearing and the Court's decision whether to finally approve the Settlement Agreement, no Class Member who does not opt out shall commence, continue, or prosecute an action against any of the Released Parties (as that term is defined in the Settlement Agreement) in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released in the Settlement Agreement. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action against any of the Released Parties as provided for in the Agreement.

23.    By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendants.

24.    The Court retains jurisdiction over the Action to consider all further matters

arising out of or connected with the Settlement Agreement and the settlement described therein.

Dated: December 5, 2017

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE