UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSHUA RAWA, ELISABETH MARTIN, ROBERT RAVENCAMP, AMY WARD, CYNTHIA DAVIES, CHRISTOPHER ABBOTT, OWEN OLSON, JEANNIE A. GILCHRIST, ZACHARY SHOLAR, MATTHEW MYERS, JOHN W. BEARD, JR., and MICHAEL OVERSTREET on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant. | Case No. 4:17-cv-01252-AGF<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL; AWARDING ATTORNEYS' FEES AND COSTS; AND AWARDING CLASS REPRESENTATIVE SERVICE AWARDS** |

This matter came for hearing before the Court on Plaintiffs' motion for final approval of a proposed nationwide class action settlement, and Plaintiffs' and Class Counsel's motion for attorneys' fees, costs, and service awards.

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, on December 6, 2017, the Court issued an order that, among other things, (1) granted preliminary approval the Settlement Agreement attached as Exhibit 1 to the Declaration of Jack Fitzgerald in Support of Motion for Preliminary Approval of Class Action Settlement dated October 4, 2017 (Dkt. No. 32-1) (the "Settlement Agreement"); (2) conditionally certified, for settlement purposes only, a class of all persons in the United States, who, during the Class Period,1 purchased in the United States, for personal or household use and not for resale or distribution, Roundup® Weed & Grass Killer Concentrate Plus ("Concentrate Plus") or Roundup® Weed & Grass Killer Super Concentrate ("Super Concentrate," collectively, "Concentrates"), in packaging whose neck or shoulder label stated that the product "makes up to" a specified number of gallons as follows:

| Roundup® Product | Label Statement |
|---|---|
| Super Concentrate 35.2 fl. oz. | "Makes Up to 23 Gallons" |
| Super Concentrate 53.7 oz. (0.42 gal.) | "Makes Up to 35 Gallons" |
| Super Concentrate 64 fl. oz. (1/2 gal.) | "Makes Up to 42 Gallons" |
| Super Concentrate 128 fl. oz. (1 gal.) | "Makes Up to 85 Gallons" |
| Concentrate Plus 32 oz. (1 qt.) | "Makes Up to 10 Gallons" |
| Concentrate Plus 36.8 oz. | "Makes Up to 12 Gallons" |
| Concentrate Plus 40 oz. | "Makes Up to 13 Gallons" |
| Concentrate Plus 64 oz. (1/2 gal.) | "Makes Up to 21 Gallons" |

(3) appointed plaintiffs Joshua Rawa, Elisabeth Martin, Robert Ravencamp, Amy Ward, Cynthia Davies, Christopher Abbott, Owen Olson, Jeannie A. Gilchrist, Zachary Sholar, Matthew Myers, John W. Bear, Jr., and Michael Overstreet as representatives of that class ("Plaintiffs" or "Class Representatives"); and (4) appointed as Class Counsel Jack Fitzgerald, of The Law Office of Jack Fitzgerald, PC and Sidney W. Jackson, III, of Jackson and Foster LLC, and any attorneys at those firms assisting in the representation of the Class in this Action (Dkt. No. 41, the "Preliminary Approval Order");

WHEREAS, Plaintiffs have now moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order granting final approval of the Settlement Agreement, which sets forth the terms and conditions for settlement of the Action (the "Motion for Final Approval");

WHEREAS, Plaintiffs have also moved, pursuant to, the Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.025, the terms of the Settlement Agreement, and the common fund doctrine, for an award of attorneys' fees and costs, and Class Representatives have moved for service awards (the "Motion for Fees");

WHEREAS, the Court, has read and considered the Settlement Agreement and all of the papers filed in support of the Motion for Final Approval and Motion for Fees, and has heard the argument of counsel at the hearing on these matters on April 17, 2018.

NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED:

1. All defined terms herein shall have the same meanings as in the Settlement Agreement, and the Court incorporates those defined terms herein by this reference.

2. This Court has jurisdiction over the Action and all Parties and Settlement Class Members.

3. For the reasons set forth in the Preliminary Approval Order (Dkt. No. 41), and for the reasons set forth herein and on the record during the Final Approval Fairness Hearing conducted on April 17, 2018, the Court confirms the order conditionally certifying the Class for settlement purposes. Excluded from the Class are those persons who timely opted-out of the Class as set forth in the Settlement Agreement.

4. The Court reaffirms the Preliminary Approval Order appointing the Plaintiffs as Class Representatives and appointing The Law Office of Jack Fitzgerald, PC, and Jackson and Foster LLC, as well as their current attorneys, as Class Counsel.

5. The Court finds that notice of the pendency of this Action as a class action, and of the proposed Settlement Agreement, was given to all Class Members by the best means practicable under the circumstances, including direct Postcard Notice to nearly 80,000 Class Members, and email notice to over 57,000 Settlement Class Members. The Court-approved notice was formatted for print publication and placed for nationwide publication in the December 21, 2017 issue of the *USA Today* newspaper, and in the February, 2018 issue of *Better Homes & Gardens* magazine. The digital notice utilized web-based banner notice advertisements on groups of websites from a selection of custom channels designed to reach a target audience that includes Class Members, as well as advertisements on social media, on YouTube and Pandora Internet Radio service, and in response to Google and Bing "keyword" searches, resulting in over 85 million web impressions. Notice to the Class was further effected through the creation of a Settlement Website, www.RoundupConcentrateSettlement.com, and a toll-free Information Line.

6. The Court finds that the form and method of notifying Class Members of the pendency of the Action, the terms of the proposed Settlement Agreement, and the Class Members' rights and options with respect thereto, was fair, adequate, and met all of the requirements of the Preliminary Approval Order (Dkt. No. 41), Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law. The Court further finds that the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

7. The Court has been informed that the Claims Administrator, Dahl Administration, identified claims that were potentially fraudulent. In accordance with standard claim administration practices, Dahl ultimately rejected claims that it found were fraudulent. The Court finds that Dahl acted properly within its discretion to accept or decline claims. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 667 (7th Cir. 2015) ("They can rely, as they have for decades, on claim administrators, various auditing processes, sampling for fraud detection, follow-up notices to explain the claims process, and other techniques tailored by the parties and the court to take into account the size of the claims, the cost of the techniques, and an empirical assessment of the likelihood of fraud or inaccuracy.").

8. The Court previously found, and reaffirms that the Settlement Agreement was reached after serious, informed, arms-length and non-collusive negotiations by capable and experienced counsel with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and was the product of vigorously fought litigation. The Settlement Agreement was entered into as the result of a process that was procedurally fair.

9. The Court finds the Settlement Agreement confers substantial benefits upon the Settlement Class Members, provides substantial additional non-economic benefits to the public, is in the public interest, and will provide the Parties with repose from litigation.

10. The Court notes that only 10 Class Members chose to opt out of the Settlement Agreement. **[**The Court further notes that no objections were filed and that no objectors appeared at the Final Fairness Hearing.**]** The lack of objections and negligible opt-out rate are strong indicators that the Settlement Agreement is fair, adequate, and reasonable.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Settlement Agreement is fair, reasonable, and adequate, and therefore finally approves the Settlement Agreement and directs that the Settlement Agreement be consummated in accordance with the terms set forth therein.

12. The Court hereby approves, as fair, reasonable, and adequate, the plan of allocation, *i.e.*, the distribution of benefits to be provided to the Class Members and the means of providing such benefits, as set forth in the Settlement Agreement.

13. The Court has considered Class Counsel's request for an award attorneys' fees in the amount of one-third of the Common Fund ($7,166,666), and for reimbursement of costs and expenses of $97,613.92. The Court recognizes Class Counsel's skillful and zealous prosecution of the Action, as well as the risks involved in prosecuting the Action on a contingency basis. The Court further finds that the settlement is an excellent result for the Class. Having reviewed Class Counsel's Motion for Fees, and all applicable legal authorities, the Court hereby approves an award of attorneys' fees and costs in the amounts requested

14. The Court approves the fee of Claims Administrator, Dahl Administration, in an amount not to exceed $1,300,000, which may be reimbursed from the Common Fund in accordance with the Settlement Agreement.

15. In making the award of attorneys' fees and reimbursement of costs and expenses, the Court has considered and found that:

a. The Settlement Agreement provides direct, immediate and tangible economic benefits to Class Members, in the form of payments, attorneys' fees, class notice and administration, and incentive awards to the Class Representatives, with an economic value of $21,500,000, paid by defendant Monsanto Company into a non-reversionary Common Fund;

b. As stated in the Settlement Agreement, Monsanto has agreed to change the labels on the Concentrates to clarify dilution rates and mixing instructions that this Action alleged were misleading, and to further consult with Class Counsel regarding potential label changes;

c. Class Counsel have prosecuted the Action and achieved the Settlement Agreement with skill, perseverance, and diligent advocacy;

d. The Action involves complex legal and factual issues and was actively prosecuted for nearly a year before settlement was reached;

e. But for the Settlement Agreement, the litigation would involve further lengthy proceedings, at considerable risk to the Class, and with uncertain resolution of the legal and factual issues;

f. Had Class Counsel not achieved the Agreement, there would remain a significant risk that the Class may have recovered less or nothing from defendant;

g. The requested award of attorneys' fees of one-third of the total economic value of the Settlement Agreement, and the requested costs and expenses, are reasonable when viewed as a percentage of the Common Fund, taking relevant factors into account, including the time and labor required; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the

amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and the length of the professional relationship with the client; and awards in similar cases; and

    h.    On balance, the requested award of attorneys' fees, costs, and expenses is fair, reasonable, and consistent with awards in similar cases throughout the Eighth Circuit.

16.    The Court has considered the requests for service awards for the Class Representatives of $10,000 to Ms. Martin, $5,000 each to Mr. Rawa and Mr. Ravencamp, and $2,500 each to Ms. Ward, Ms. Davies, Mr. Abbott, Mr. Olson, Ms. Gilchrist, Mr. Sholar, Mr. Myers, Mr. Bear, and Mr. Overstreet. The Court finds the requested incentive awards to be justified under the facts of this case and the applicable legal authorities. Accordingly, the Court hereby approves the incentive awards of $10,000 to Ms. Martin, $5,000 each to Mr. Rawa and Mr. Ravencamp, and $2,500 each to Ms. Ward, Ms. Davies, Mr. Abbott, Mr. Olson, Ms. Gilchrist, Mr. Sholar, Mr. Myers, Mr. Bear, and Mr. Overstreet. These awards may be paid from the Common Fund in accordance with the Settlement Agreement.

17.    The Court finds that the Class should be and hereby is finally certified for settlement purposes, and directs the Parties to implement the Settlement Agreement in accordance with its terms. The Claims Administrator shall pay all Approved Claims, Attorneys' Fees and Costs, and Incentive Awards from the Common Fund as set forth in the Settlement Agreement.

18.    After payments have been made to Class Members, to Class Counsel for attorneys' fees and costs, to Class Representatives for service awards, to the Claims Administrator for notice and administration costs, any remaining funds ("Remainder") will be exhausted through a *cy pres* distribution as follows: National Consumer Law Center (30% of Remainder), Better Business Bureau's National Advertising Division (30% of Remainder), Gateway Greening (20% of Remainder), and Kids Gardening (20% of Remainder).

19. This Action is dismissed on the merits and in its entirety, with prejudice, as to all Plaintiffs and all Class Members, and without costs except as otherwise provided in this Order (the "Final Approval Order"), and a final judgment shall be entered thereon (the "Judgment").

20. This Final Approval Order and the Settlement Agreement is binding on all Class Members who have not timely excluded themselves as set forth in the Settlement Agreement. Consequently, the Settlement Agreement, Final Approval Order, and Judgment shall fully, finally and forever resolve the released claims as detailed in paragraph N.1 of the Settlement Agreement, and can be raised as a complete defense to and will preclude any other action or proceeding against the Released Monsanto Persons and Released Scotts Persons based on the released claims, as defined in the Settlement Agreement.

21. No action taken by Monsanto or Plaintiffs, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever to any other Party.

22. Without affecting the finality of the Judgment, the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties hereto submit to the continuing jurisdiction of the Court for purposes of implementing and enforcing the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____, 2018                 _____
                                                Hon. Audrey G. Fleissig
                                                United States District Court Judge