## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOSHUA RAWA, ELISABETH MARTIN, ROBERT RAVENCAMP, AMY WARD, CYNTHIA DAVIES, CHRISTOPHER ABBOTT, OWEN OLSON, JEANNIE A. GILCHRIST, ZACHARY SHOLAR, MATTHEW MYERS, JOHN W. BEARD, JR., and MICHAEL OVERSTREET on behalf of themselves, all others similarly situated, and the general public, | Case No.: 4:17-cv-01252-AGF |
| Plaintiffs, | |
| v. | |
| MONSANTO COMPANY, | |
| Defendant. | |

## NOTICE OF FILING OF DETAILED BILLING RECORDS & HOURLY RATES

Pursuant to the Court's April 13, 2013 Order (Dkt. No. 51), Class Counsel hereby provide notice of the filing of their detailed billing records and hourly rates, as set forth in and attached to the Supplemental Declaration of Jack Fitzgerald filed herewith.[1]

## I.    CLASS COUNSEL'S LODESTAR

Class Counsel's lodestar, as reflected therein, is summarized below.

| Timekeeper | CA Rate | CA Hours | CA Lodestar | MO Rate | MO Hours | MO Lodestar | Total Hours | Total Lodestar |
|---|---|---|---|---|---|---|---|---|
| Sid Jackson | $925 | 355.2 | $328,560 | $650 | 56.0 | $36,400 | 411.2 | $364,960 |
| Jack Fitzgerald | $715 | 567.8 | $405,977 | $500 | 136.1 | $68,050 | 703.9 | $474,027 |
| Melanie Persinger | $485 | 329.6 | $159,856 | $340 | 241.1 | $81,974 | 570.7 | $241,830 |
| Trevor Flynn | $550 | 51.1 | $28,105 | $385 | 1.8 | $693 | 52.9 | $28,798 |
| Tom Canova | $750 | 35.7 | $26,775 | - | 0 | $0 | 35.7 | $26,775 |
| Totals = | | 1,339.4 | $949,273 | - | 435.0 | $187,117 | 1,774.4[2] | $1,136,390 |

---

[1] The Supplemental Declaration also provides final claims numbers and information concerning the administrator's expenses and the amount of the Settlement Fund that will be distributed *cy pres*, Suppl. Fitzgerald Decl. ¶ 6, and addresses objector Migliaccio's April 13, 2018 Motion for Leave to File Sur-Reply (Dkt. No. 52), *id.* ¶¶ 7-19.

[2] Class Counsel's fee motion noted a total of 1,703.0 hours through March 12, 2018. Dkt. No. 43-2, Fitzgerald Decl. ¶ 11. The time reflected herein includes additional time spent through April 13, as well as a reduction of 13.0 hours for which additional duplication was noted upon review.

## II.      CLASS COUNSEL'S RATES

Reasonable rates are the prevailing market rates in the community in which the court sits, for similar litigation by attorneys of comparable experience, skill, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984); *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979-980 (9th Cir. 2008). To assist courts in calculating the lodestar, plaintiffs need provide "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. Nevertheless, "[w]hen determining reasonable hourly rates, district courts may rely on their own experience and knowledge of the prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 85 (8th Cir. 2005); *accord Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (same).

Here, Class Counsel litigated in this case in two fora: the Central District of California, which sits in Los Angeles, and the Eastern District of Missouri, which sits in St. Louis. Counsel tracked its work separately for each matter. Class Counsel's rates in these fora are as follows.

| Timekeeper | C.D. Cal. Rate | E.D. Mo. Rate |
|---|---|---|
| Sid Jackson | $925 | $650 |
| Jack Fitzgerald | $715 | $500 |
| Melanie R. Persinger | $485 | $340 |
| Trevor M. Flynn | $550 | $385 |
| Thomas A. Canova | $750 | - |

Suppl. Fitzgerald Decl. ¶ 3.

These rates are reasonable because they are in line with previous fee awards, *see United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("[R]ate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."); *compare* Suppl. Fitzgerald Decl. ¶¶ 4-5.

The rates are also reasonable because they are comparable to rates charged by attorneys in the Central District of California, and Eastern District of Missouri, with comparable experience, skill, and reputation, in cases involving complex class action or other civil litigation, as demonstrated below.

### California

*See Edwards v. First Am. Corp.*, 2016 WL 8999934, at *5 (C.D. Cal. Oct. 4, 2016) (approving rates between $600 and $990 for attorneys who performed majority of work); *Jerry Beeman & Pharmacy Servs., Inc. v. Anthem Prescription Mgmt., Inc.*, 2016 WL 4940297, at *3 (C.D. Cal. Sept. 14, 2016) (approving $925 rate as reasonable); *Tait v. BSH Home Appliances Corp.*, 2015 WL 4537463, at *12 (C.D. Cal. July 27, 2015) (approving rates of between $300 and $800 for associates, and up to $995 for partners); *cf. In re Am. Apparel, Inc. Shareholder Litig.*, 2014 WL 10212865, at *25 (C.D. Cal. July 28, 2014) ("[T]he average partner billing rate at Skadden [] is $1,035, and . . . the average associate billing rate there is $620 per hour."); *Rivers v. Berryhill*, 2017 WL 6028479, at *3 (C.D. Cal. Dec. 5, 2017) (approving effective rate of $825 per hour).

### Missouri

*See In re BankAmerica Corp. Sects. Litig.*, 228 F. Supp. 2d 1061, 1065 (E.D. Mo. 2002) ("while the hourly rates ranging up to $695 are high for the Eastern District of Missouri, they are nonetheless within the range of reasonableness in the realm of nationwide securities class actions"); *compare Khoday v. Symantec Corp.*, 2016 WL 1637039, at *11 (D. Minn. Apr. 5, 2016) (approving blended hourly rates for various firms of $496, $465, $628, and $534, with an overall blended rate of all four firms of $509);[3] *Huyer v. Wells Fargo & Co.*, 314 F.R.D. 621, 629 (S.D.

---

[3] *Report & recommendation adopted*, 2016 WL 1626836 (D. Minn. Apr. 22, 2016), *aff'd sub nom*, *Caligiuri v. Symantec Corp.*, 855 F.3d 860 (8th Cir. 2017).

Iowa 2016) (noting counsel documented "over 7,000 hours" for a lodestar of $4,715,940, or a blended rate of *at least* $674);[4] *cf. Roeser v. Best Buy Co.*, 2015 WL 4094052, at *12 (D. Minn. July 7, 2015) (approving rates of $775 and $800 despite noting belief that rates "are higher than prevailing market rates in this area").

## III.    THE RESULTING 6.31 MULTIPLIER IS REASONABLE

Given Class Counsels' $1,136,390 lodestar, its request for one-third of the common fund, or $7,166,667, implies a 6.31 multiplier. Especially given how excellent the settlement is, this multiplier is reasonable. *See In re Charter Commc'ns, Inc. Secs. Litig.*, 2005 WL 4045741, at *18 (E.D. Mo. June 30, 2005) (finding 5.61 multiplier reasonable, relying on out-of-circuit cases applying multipliers up to 8.74, and finding the multiplier "fully justified here given the effort required, the hurdles faced and overcome, and the results achieved"); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 950-51 (D. Minn. 2016) (5.95 multiplier ($2.5 million based on $420,000 lodestar)); *see also Steiner v. Am. Broad Co., Inc.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (approving 6.85 multiplier and noting that while "in the case of an early settlement, the lodestar calculation may convince a court that a lower percentage is reasonable," class counsel should not "necessarily receive a lesser fee for setting a case quickly"); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 App. (9th Cir. 2002) (collecting cases awarding multipliers between 0.6 and 19.6); *accord Glendora Cmty. Redevelopment Agency v. Demeter*, 155 Cal. App. 3d 465, 479 (1984) (affirming 12 multiplier and rejecting argument that court should consider effective hourly rate in contingency fee case).

In *Hashw*, the Court noted that counsel had "requested nearly ten times th[e] amount" of their lodestar in seeking 25% of the common fund. 182 F. Supp. 3d at 950. "To be sure, the

---

[4] *Aff'd sub nom*, *Huyer v. Njema*, 847 F.3d 934 (9th Cir. 2017) & *Huyer v. Bucklery*, 849 F.3d 395 (8th Cir. 2017); *appeal dismissed*, *Huyer v. Van de Voorde*, 847 F.3d 983 (9th Cir. 2017)

percentage approach typically yields a fee some number of times higher than that revealed by the lodestar method," the court wrote, and "[s]uch a multiplier is justified for a number of reasons, including the risks inherent in contingent-fee litigation," *id.* But because it had been "unable to find *any* TCPA case awarding a percentage fee even remotely close to ten times the lodestar amount," the court awarded 20% of the fund, representing a 5.95 multiplier. The court, however, noted that there were "a number of reasons for" lower multipliers in TCPA cases, "including that TCPA cases are 'prone to settle,'" and "counsel experienced with TCPA litigation 'know how to pick a winner'—that is, cases with any real merit typically will resolve before summary judgment or certification takes place." *Id.* And unlike in this case, *Hashw* did settle before certification. Thus, the decision provides strong support for a slightly higher multiplier here (6.0% higher) than awarded in *Hashw*.

Dated: April 14, 2018                     Respectfully Submitted,

                          By:    */s/ Jack Fitzgerald*

                                 Jack Fitzgerald (*Pro Hac Vice*)
                                 jack@jackfitzgeraldlaw.com
                                 THE LAW OFFICE OF JACK FITZGERALD, PC
                                 Hillcrest Professional Building
                                 3636 Fourth Avenue, Suite 202
                                 San Diego, California 92103
                                 Phone: (619) 692-3840
                                 Fax: (619) 362-9555

                                 Sidney W. Jackson, III (*Pro Hac Vice*)
                                 sid@jacksonfosterlaw.com
                                 JACKSON & FOSTER, LLC
                                 75 St. Michael Street
                                 Mobile, Alabama 36602
                                 Phone: (251) 433-6699
                                 Fax: (251) 433-6127

                                 Kevin J. Dolley (# 54132MO)
                                 kevin@dolleylaw.com
                                 LAW OFFICES OF KEVIN J. DOLLEY, LLC

2726 S. Brentwood Blvd.
St. Louis, Missouri 63144
Phone: (314) 645-4100
Fax: (314) 736-6216
(Local Counsel for Plaintiffs)

***Class Counsel***